UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **GREGORY D. MANIGO** | **CIVIL ACTION NO. 23-0666** |
| VS. | **SECTION P** |
| | **JUDGE S. MAURICE HICKS, JR.** |
| **LIEUTENANT HILL, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

### REPORT AND RECOMMENDATION

Plaintiff Gregory D. Manigo, a prisoner at Caddo Correctional Center ("CCC") proceeding pro se and in forma pauperis, filed this proceeding on approximately May 18, 2023, under 42 U.S.C. § 1983.  He names the following defendants: Sheriff Steve Prator, CCC, Lieutenant Hill, Deputy Conley, and Sergeant Crockett.[1]  For reasons that follow, the Court should dismiss Plaintiff's claims.

### Background

Plaintiff claims that Deputy Conley threatened him several times.  [doc. # 1, p. 3].  He reported Conley's actions to Sergeant Crockett.  *Id.*

Plaintiff claims that one week later on May 3, 11, or 12, 2023, Conley saw him on a medical call and, using expletives and racial slurs, threatened to lock him down.  [doc. #s 1, p. 3; 7, p. 1].  Plaintiff told his girlfriend, who in turn called the jail and spoke with Lieutenant Hill.  [doc. # 1, p. 3].  Hill said she would speak with Plaintiff, but she did not.  *Id.*  Plaintiff does

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

suggest, however, that Lieutenant Hill spoke to Sergeant Crockett who, in turn, talked to Plaintiff about Conley's actions. [doc. # 7, p. 1].

Plaintiff told Deputy Brown, who works with Conley, what Conley said; Plaintiff then asked Brown to call a sergeant, but she did not. [doc. # 1, p. 3]. Plaintiff claims that fifteen minutes after Brown left, Conley threatened him again, threw his "store" away, and, in retaliation, threw him "naked in men's mental[.]" [doc. #s 1, p. 3; 7, p. 1]. Plaintiff describes "men's mental" as the place "they send people they think is crazy and you be naked and cold. [sic]." [doc. # 7, p. 1].

Plaintiff seeks the termination of Conley's employment, reimbursement for his lost items, and compensation for his pain and suffering. [doc. # 1, pp. 3-4].

## Law and Analysis

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.  Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless.  *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).  Plausibility does not equate to possibility or probability; it lies somewhere in between.  *Id.*  Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.*  A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely.  *Twombly, supra*.

In making this determination, the court must assume that all the plaintiff's factual allegations are true.  *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).  However, the same presumption does not extend to legal conclusions.  *Iqbal, supra*.  A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8.  *Id*.  "[P]laintiffs must allege facts that support the elements of the cause of action

in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Termination of Employment**

Plaintiff asks the Court to terminate Defendant Conley's employment. The Court lacks authority to grant this request.

Federal courts are not prison managers or personnel directors. *See Hurrey v. Unknown TDCJ Corr. Officer A*, 2009 WL 3645638, at *2 (N.D. Tex. Nov. 4, 2009). Courts "will not interfere in the administration of prisons absent an abuse of the wide discretion allowed prison officials in maintaining order and discipline." *Royal v. Clark*, 447 F.2d 501, 501-02 (5th Cir. 1971). The Supreme Court has continuously cautioned federal courts from assuming "a greater role in decisions affecting prison administration." *Shaw v. Murphy*, 532 U.S. 223, 230 (2001);

*see Turner v. Safley*, 482 U.S. 78, 84-85 (1987); *Smith v. Sullivan*, 611 F.2d 1039, 1044 (5th Cir. 1980).

Moreover, Plaintiff's request sounds in mandamus as he essentially asks the Court to, by writ, compel the non-federal official (or entity) with the authority to terminate defendant's employment to perform his, her, or its duties. In this respect, the Court lacks jurisdiction.[3] *See Samuels v. Emanuel*, 2014 WL 50851, at *2 (W.D. La. Jan. 7, 2014) (reasoning, where the plaintiff asked "that the defendants be relieved from their duties[,]" that "federal district court lacks jurisdiction to review actions in the nature of mandamus, seeking to compel state officials to perform duties allegedly owed the plaintiff, as for example in this case . . . .").

The Court should deny Plaintiff's request to terminate Conley's employment.

## 3. Destroyed Property

Plaintiff claims that Conley threw his "store" away. The *Parratt-Hudson* doctrine, however, forecloses this claim.

A post-deprivation tort cause of action in state law is, under the *Parratt/Hudson*[4] doctrine, sufficient to satisfy the requirements of due process when a plaintiff alleges that he has been deprived of his property, without due process of law, by the negligent or intentional actions of a state officer that are "random and unauthorized."[5] *Sheppard v. Louisiana Bd. of Parole*, 873

---

[3] "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee *of the United States* or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (emphasis added).

[4] *Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981), overruled in part by *Daniels v. Williams*, 474 U.S. 327 (1986).

[5] "The doctrine is meant to protect the state from liability for failing to provide predeprivation process in situations where it cannot anticipate the need for such process (when actions are random and unauthorized)." *Brooks v. George County, Miss.*, 84 F.3d 157, 165 (5th Cir. 1996).

F.2d 761, 763 (5th Cir. 1989) (*quoting Hudson*, 468 U.S. at 533-35). Louisiana law provides an adequate remedy for both intentional and negligent deprivations of property. *Copsey v. Swearingen*, 36 F.3d 1336, 1342-43 (5th Cir. 1994); *Marshall v. Norwood*, 741 F.2d 761, 764 (5th Cir. 1984) (*citing* Louisiana Civil Code Article 2315 and observing that "Louisiana law affords an opportunity to redress intentional torts under the same section of the Code by which negligence is remedied."); *Fuller v. XTO Energy, Inc.*, 989 So. 2d 298, 302 (La. Ct. App. 2008) (recognizing the tort of conversion).

Here, Plaintiff does not allege that he was deprived of his "store" by anyone acting under an official policy, custom, or procedure; rather, he describes random and unauthorized action. *See White v. Epps*, 411 F. App'x 731, 733 (5th Cir. 2011) ("White's chief allegation is that certain prison officials maliciously destroyed his property in contravention of prison policy. That brings his case directly within the *Parratt*/*Hudson* rubric."); *Allen v. Fuselier*, 273 F.3d 393 (5th Cir. 2001) (*citing Parratt* and concluding, "Allen's assertion that the defendants improperly removed $75 from his inmate account is frivolous because the existence of a postdeprivation tort cause of action in [Louisiana] law is sufficient to satisfy the requirements of due process.").

Plaintiff should, if he wishes, pursue relief under state law in state court because Louisiana law provides adequate remedies for this alleged conduct. Accordingly, the Court should dismiss Plaintiff's claim and his corresponding request for reimbursement for his lost property.

**4. Limitation on Recovery Under 42 U.S.C. § 1997e(e)**

Aside from his requests for the termination of Conley's employment and reimbursement for his lost store,—which as above the undersigned recommends dismissing—Plaintiff seeks only compensation for his pain and suffering. [doc. #s 1, p. 3; 7, p. 1].

6

Under 42 U.S.C. § 1997e(e), "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." "[I]t is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005). "The 'physical injury' required by § 1997e(e) 'must be more than de minimus [sic], but need not be significant.'" *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (*quoting Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)).

Here, Plaintiff "brought" this action while incarcerated,[6] and he seeks monetary compensation for only mental, emotional, or de-minimis physical injuries suffered while in custody.

Plaintiff does allege that he was naked and cold in "men's mental[,]" but he does not allege that he suffered any injury. In addition, Plaintiff does not allege that he was a victim of a "sexual act" as defined in 18 U.S.C. § 2246. Thus, Plaintiff may not recover monetary relief for any mental, emotional, or de-minimis physical injuries. Moreover, he does not describe any other injury or damage compensable by monetary relief.

Accordingly, the Court should dismiss Plaintiff's request for compensation. As Plaintiff does not seek any other cognizable relief, the Court should dismiss his remaining claims.

---

[6] [doc. # 1, p. 2].

**Recommendation**

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Gregory D. Manigo's claims be **DISMISSED** as frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, this 7th day of August, 2023.

_____
Kayla Dye McClusky
United States Magistrate Judge